IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> DAVIS TYPEWRITER COMPANY, <br><br> Defendant. | Civil Action No. _____ <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## NATURE OF THE ACTION

This is a sexual harassment action brought by the United States Equal Employment Opportunity Commission ("EEOC") under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful harassment on the basis of sex, and provide appropriate relief to Tracey Kelley who was adversely affected and constructively discharged by such harassment. The EEOC alleges that Davis Typewriter Company, ("Defendant") subjected Ms. Kelley to a sexually hostile working environment causing her to be constructively discharged.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged were committed within the jurisdiction of the United States District Court for the District of Minnesota.

## PARTIES

3. The plaintiff, the EEOC, is the agency of the United States of America charged with administering, interpreting and enforcing Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been and is now incorporated in the State of Minnesota, doing business in the City of Worthington.

5. At all relevant times, Defendant has continuously had at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit, Tracey Kelley filed a charge of discrimination with the EEOC alleging violations of Title VII by Defendant.

8. On March 14, 2013, the EEOC determined that the evidence obtained during its investigation of Ms. Kelley's charge of discrimination established reasonable cause to believe that Defendant discriminated against Ms. Kelley on the basis of sex/female by subjecting her to sexual harassment and constructively discharging her.

9. Defendant received the EEOC's letter of determination related to Ms. Kelley's charge.

10. Prior to institution of this lawsuit, the EEOC's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with Title VII through informal methods of conciliation, conference and persuasion within the meaning of §§ 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

11. On May 24, 2013, The EEOC determined that its efforts to conciliate Ms. Kelley's charge with the Defendant were unsuccessful.

12. Defendant received the EEOC's notification that conciliation efforts were unsuccessful.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

14. Tracey Kelley began working for Defendant on or about March 11, 2010.

15. Tracey Kelley's employment with Defendant ended on or about July 29, 2010.

16. Stanley Alm, Defendant's operations manager, was Tracey Kelley's supervisor.

17. Between March 2010 and July 2010, Defendant engaged in unlawful employment practices at its place of business located at 1158 Oxford Street, Worthington, Minnesota in violation of § 703(a) of Title VII, 42 U.S.C. § 2000e-2. Among other things, Defendant's operations manager Stanley Alm subjected Tracey Kelley to severe or pervasive sexual harassment, (including, but not limited to Mr. Alm's manipulation of Defendant's security camera system to conduct ongoing, surreptitious video surveillance of Ms. Kelley focusing the cameras on her face, body and chest), which created a sexually hostile work environment.

18. Upon discovering Stanley Alm's sexually harassing conduct on or about July 27, 2010, Ms. Kelley promptly notified Defendant's President Larry Davis, and manager Michelle Carlson.

19. Defendant failed and refused to take prompt and appropriate action to correct the severe and pervasive harassment and the resulting hostile environment.

20. Defendant's failure to prevent or correct Stanley Alm's harassing conduct rendered Ms. Kelley's working conditions objectively intolerable, making her resignation a reasonably foreseeable consequence of the sexually hostile working environment.

21. The unlawful employment practices complained of in Paragraphs 14-20 resulted in Kelley's constructive discharge from Defendant.

22. The unlawful employment practices complained of in Paragraphs 14-20 were intentional.

23. The unlawful employment practices complained of in Paragraphs 14-20 were done with malice or reckless indifference to the federally protected rights of Ms. Kelley to be free of employment discrimination on the basis of sex.

## PRAYER FOR RELIEF

WHEREFORE, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant and its officers, successors and assigns, and all persons in active concert or participation with them, from engaging in sexual harassment, any other employment practice which discriminates on the basis of sex, and from retaliation for opposition to such practices.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, protect employees who make complaints of discrimination or sexual harassment from retaliation, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Tracey Kelley whole by providing appropriate back pay and benefits, with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in Paragraphs 14-20 including (but not limited to) rightful place reinstatement and/or front pay in lieu thereof.

D. Order Defendant to make Tracey Kelley whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described in Paragraphs 14-20, including emotional distress, such as humiliation, embarrassment, pain and suffering, in amounts to be determined at trial.

E. Order Defendant to make Tracey Kelley whole by paying punitive damages for its malicious and reckless conduct described in Paragraphs 14-20 in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

                        Respectfully submitted,

                        P. David Lopez
                        General Counsel

                        James L. Lee
                        Deputy General Counsel

                        Gwendolyn Young Reams
                        Associate General Counsel

                        Equal Employment Opportunity Commission
                        131 M Street, NE
                        5th Floor
                        Washington, D.C. 20507
                        (202) 663-4702


Dated: Aug. 27, 2013          s/John C. Hendrickson
                        John C. Hendrickson
                        Regional Attorney


Dated: Aug. 27, 2013          s/Jean P. Kamp
                        Jean P. Kamp
                        Associate Regional Attorney

                        Equal Employment Opportunity Commission
                        Chicago District Office
                        500 West Madison Street, Suite 2000
                        Chicago, IL 60661
                        (312) 353-7716


Dated: Aug. 27, 2013          s/Nicholas J. Pladson
                        Nicholas J. Pladson (#0388148)
                        Senior Trial Attorney

Equal Employment Opportunity Commission
Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, MN 55401
Telephone:  (612) 335-4047
nicholas.pladson@eeoc.gov

**Attorneys for Plaintiff EEOC**